The' opinion of the court was delivered by
DeBlanc, J.
In May, 1867, Ernestine — the daughter of Henriette-Lauve and of A. N. Cropper, the first husband of the said Henriette Lauve, obtained judgment — in the 5th district court of this State — • against her mother and James L. Cole, her mother’s second husband, for $14,727,53c,- with eight per cent interest thereon from the date of said judgment.
That amount represents the said Ernestine’s inheritance from the *42 succession of her father, and is secured by the legal mortgage which the law gives to widows, and which — according to the terms of its recognition in the decree of May 1867, bears on the property of Ernestine’s mother — as her tutrix, and of James L. Cole, as hér co-tutor, since the 18th Of August 1855.
On the 7th of July 1870, Ernestine Cropper, then the wife of E. D. Woodlief, transferred said judgment to William T. Gay, who — on the 30th of September 1871 — was recognized, by a decree of the 5th district ■Court of the State, as transferee of said judgment, and who — on the 7th of June 1872 — subrogated Thomas La Chambre & Co. to all the rights which he had acquired from said Ernestine Cropper, and against James L. Cole, his wife and their property. Of this last mentioned subrogation, the commercial firm of L. Grand & Co., to whom — on the 16th of April 1870 — the said James L. Cole had sold the undivided half of a plantation subject to the legal mortgage of Ernestine Cropper — took express cognizance by the intervention of- one of its members in the act of subrogation and waived all future notice of the same.
On the judgment then transferred to them, the said Thomas La Chambre and Co. caused a writ of fieri facias to issue out, and under the seal of the 5th district Court, and — under that writ — the sheriff ■seized the plantation, one half of which James L. Cole has sold to L. Grand & Co, and the whole of which is subject to the legal mortgage, securing the transferred judgment.
This seizure was made by the sheriff and enjoined by James L. Cole and his wife, in the month of May 1877 : their injunction is based on the grounds :
1. That said judgment hewing been rendered by virtue of the probate jurisdiction of the late Fifth Judicial District Court of Iberville, ■as organized under the constitution of 1864, in a suit between minors ■and their tutrix and co-tutor in a matter appertaining to the tutorship of said minors, was, by the constitution of the State of Louisiana adopted in 1868, and the laws passed subsequent to said adoption transferred to the Parish Court of the Parish of Iberville, which alone, under said constitution, has jurisdiction of said suit, and which is the ■successor of the late Fifth Judicial District Court, so far as same exercised probate jurisdiction, and particularly in all suits for the settlement of accounts between tutors and minors. That the writ issued out of the Fifth Judicial District Court and is attested in the name of the judge and bears the seal of the said court, when, if any writ could issue ■on the said judgment, which they deny, it should have issued from the parish court and should be attested by the parish Judge and bear the seal of said parish court.
2. That the judgment on which said writ of fieri facias issued, was *43 at the time same issued and is now prescribed, no party interested in said judgment having had a citation issued according to law, to defendants from the court which rendered the judgment within the ten years from the rendition thereof.
3. That the active mass of the account of tutorship on which said judgment was rendered, was composed of partly the price of the plantation seized and partly the price of slaves, and that — under the actual Constitution of the State — a contract for the sale of persons can no longer be enforced by our courts.
4. That — of the property seized by the sheriff — the law exempts from seizure one hundred and sixty acres of land, the buildings thereon occupied as a residence, one work horse and one wagon or cart.
Defendant’s answer was filed on the 19th of July 1877, and — on the 21st of January 1878 — plaintiffs presented an application to have this cause transferred to the circuit court of the United States. Their application was overruled, their injunction tried and dissolved and their demands rejected; but defendant’s claim for damages was not allowed, and — on that ground — they have appealed from the decree of the district court.
I.
Were plaintiffs entitled to the removal of their injunction from the State to the federal court ?
Without her sovereignty and its attributes', a State would soon be reduced to the condition of a province, and of all those attributes — the most important, by far, is her judicial power. The federal enactments which, as a necessity of our form of government, encroach upon and lessen the integrity of that power, should not be enlarged by any mistaken interpretation of the State Court.
The 3d Section of the congressional act of March 3d, 1875, provides that “ whenever the plaintiff or defendant shall desire to remove any suit of a civil nature — at law or in equity — from the State to the federal court, he or they may make and file a petition in such suit in the State Court before or at the term at which said cause could be first tried,, and before the trial thereof, for the removal of such suit into the Circuit Court to be held in the district where such suit is pending.”
Plaintiffs’ injunction was granted on the 31st of May 1877, the answer to the injunction filed on the 19th of July of that year, and the application for a removal presented six months and two days after the filing of the answer, when the case had twice been fixed for trial in the State Court, the first time for the 26th of July 1877, and the second time for the 21st of January 1878, after plaintiffs had obtained from said court an order for the issuance of a commission to take evidence, after they had asked and been denied a continuance of this case.
*44 In the language of the Supreme Court of the United States, and of our State, an injunction is but a graft upon, and not a proceeding independent and separate from an already existing and original action. They are, in almost every instance, inseparable twins: but, were it otherwise, this case — whatever it may be — an original or ancillary proceeding, could have been tried at the term of the 5th district court held in July 1877, and it was too late to attempt to remove it at the subsequent term, after the jurisdiction of the court had been — not only accepted by the plaintiff — but resorted to, chosen and used by them, after authority had been invoked to procure evidence for a trial which appears to have been twice fixed without objection.
29 A. 372 — 30th A. 1, and cases therein referred to.
II.
The motion for a continuance of this case from the January term held-in 1878 to its next term was properly refused : the order to issue a commission to take evidence in Prance was made in July 1877, and that commission was not applied for before the 17th of December ; under these circumstances, the fact that it was not returned in January 1878, did not constitute a good ground to postpone the trial. Had the evidence which was to be taken under that commission been of any importance to plaintiffs, they would not have neglected during four months to' procure and forward it.
The district judge did not err in refusing to continue the case, on account of the absence of witnesses, to summon whom to appear on the 21st, plaintiff’s order to the clerk was only given on the'19th of January, a Saturday — -when the trial had been fixed since the 10th of that month; and besides defendant’s counsel had offered to admit that, if present, the witnesses mentioned in the affidavit for a continuance, every one of whom was then absent from the parish, would testify as stated by plaintiff.
III.
The objection that the parish court alone could have issued execution on the judgment rendered by the 5th district court, was passed upon and determined in case No. 7048 of the docket of the Supreme Court, entitled Thomas La Chambre & Co. vs. Henriette & J. L. Cole, decided in April last. That decision also disposes of the plea of prescription opposed by plaintiffs in injunction to the judgment sought to be executed by the defendants.
IV.
To discover that the account of tutorship from Mrs. Cole to Ernestine, a child of her first marriage, includes the price of slaves, we would have to look beyond two judgments, that rendered in favor of the said Ernestine, in May 1867, and that of September 1871, by which William *45 'T. Gay was recognized as the transferee of said last mentioned judgment. That discovery made, we would certainly hold — as did the Supreme Court of the United States, that — when incurred — the obligation ■of Mrs. Cole and of her husband, the first as tutrix and the other as co-tutor — was a valid obligation, and that the constitutional provision which declares its nullity and forbids its enforcement, is in violation-of the federal constitution.
13 Wallace, 646 — 25th A. 349, 350.
Y.
Eor two reasons, the claim for a homestead cannot be sustained:
1. J. L. Cole is but a part owner of every acre and fraction of acre seized, and a homestead cannot be located on land held in indivisión.
28 A. p. 783, 608, 356 — 26 A. 156.
'2. The mortgages securing the claim of the seizing creditor, affected the land seized prior to the passage of the act of the Legislature, known as the homestead act, and — in such a case — the land may be sold to satisfy the mortgage.
20th A. p. 244.
It matters not, ns concerns James L. Cole and his wife, that defendants have not introduced the evidence of the tacit or legal mortgage bearing in favor of Ernestine Cropper on the plantation seized. It is •sufficient — as to them — that, in the judgment rendered contradictorily with them, more than ten years ago, that mortgage is expressly recognized, as having taken effect on said plantation since the 18th of August 1855 — nor does it make any difference that the whole of the property, instead of Cole’s interest therein has been seized by the sheriff. His co-proprietor alone might,' perhaps, complain of that alleged irregularity.
We do not consider that a single valid defence has been opposed by plaintiffs to the execution of the judgment transferred to Thomas La Chambre and Co. and — by their injunction — they and the surety on their bond, have incurred an amount of damages equal at least to that of their bond.
It is, therefore, ordered, adjudged and decreed that — in so far as it dissolves the injunction and rejects the demand of plaintiffs, the judgment of the Lower Court is affirmed: and — amending the same,
It is further Ordered, adjudged and decreed that Thomas Latíhambre & Co. do have judgment against and recover, as damages, from plaintiffs — the said Henriette Lauve and James L. Cole, and Arthur Shiff, their security on the injunction- bond, jointly and severally, the sum of three hundred dollars.
It is lastly ordered, adjudged and decreed that the costs of this appeal be paid by plaintiffs.
Rehearing refused.